King, J.
Plaintiff in error was charged before the police court of Toledo with the violation of some provisions of an act entitled “An Act to regulate the practice of Medicine in the State of Ohio,” which was passed and become a law on February 27th, 1896. Some errors that are claimed to have occurred in that trial I will notice briefly.
It is asserted that the court erred in entertaining jurisdiction of the cause, the information varying the offense and the statement of it from the statement contained in the affidavit, and that the court had no jurisdiction whatever under the affidavit as it was filed. The affidavit charged that the offense described was committed in the county of Lucas; tbe information charged that it was committed in the city of Toledo, within the county of Lucas and state of Ohio. It is said that the police court had no jurisdiction of the offense as charged in the affidavit, because the police *75 court of the city of Toledo does not have jurisdiction of an offense committed co-extensive with the county; that its jurisdiction is limited by a statute which prescribes that it shall have jurisdiction in the city of Toledo and within the territory within four miles of the same. Whether a conviction might have been had upon the affidavit we do not decide; but immediately after the filing of the affidavit, and pursuant to an ordinance of the city of Toledo, the prosecuting attorney of the police'court filed an information in which he charged that the offense was committed in the city of Toledo, and that did not exclude the police court from its jurisdiction. It then had the power to try > the case.
The next objection to the information is, that it charges that the defendant did for a fee of $25, “prescribe, direct, and recommend for the use of one Kresantia Weissenberger, a certain drug, medicine, or agency, to-wit: one bottle of dark liquid and one bottle of white liquid, the name and composition whereof is unknown, for the treatment and cure of a certain bodily infirmity * * unknown, the said defendant at the time not having received or obtained from the State Board of Medical Registration and Examination a certificate, ’ ’etc.; and it is said that the statute under which he was prosecuted provides that the act does not apply to certain cases, and that all of those cases should have been stated in the information negatively. The provision of the statute.is quite long, but it provides that the statute shall not be construed to prohibit services in cases of emergency, or of domestic administration of family remedies, and shall not apply to any commissioned officers of the U'. S. army or navy or marine hospital service, We do not think it was necessary to negative in the information these provisions of the law. They do not come within the rule requiring a negative averment in the information. That matter was fully discussed by the able .judge of the *76 court of common pleas in reviewing this case on error, and with his opinion upon that question we are entirely satisfied.
The information, as I have already read, charges that the defendant did prescribe and recommend to the person named a certain drug, medicine, or other agency, to-wit: one bottle of dark liquid and one bottle of white liquid. On the trial of the case, the state, to make its case, called Mr. •Weissenberger, the husband of the patient, as well as the patient Mrs. Weissenberger herself, and also a young lady by the name of Sophia Wasserman, and proceeded to show, and did show, against the objection of the defendant, that on or about the 14th of January, 1897, Mr. Weissenberger and his wife, pursuant to an appointment with the defendant, called at his office, where they met this lady, Miss. Wasserman, and that the defendant then proceeded with a knife and other instrument necessary, to perform an operation upon the arm of Miss Wasserman, by which he inserted a tube with an air pump, and pumped blood from the arm of Miss Wasserman into the arm of Mrs. Weissenberger. And the operation is described at some length by all three of the witnesses I have named, all the testimony being objected to. It is further shown in evidence that Mr Weissenberger, the husband of the patient, contracted with the defendant for the performance of this operation, for which he agreed to pay him the sum of $25; and the $25.00, as shown by the evidence, was for nothing else except for the payment for this transfusion of blood. The evidence further shows that after the operation was performed, the defendant gave to Mrs. Weissenberger two bottles of medicine substantially like that described in the information, and subsequently gave her other medicines, for which he charged, and which Mr. Weissenberger testifies that he paid him at other times and in different sums, amounting to $22.
It is claimed that it was error to admit the testimony relating to this occurrence of the transfusion of blood. We *77 think it was. As described in the testimony of the witnesses, it is clearly a different transaction from that set forth specifically in the information. It had, so far as the evidence discloses, nothing whatever to do with the administration of medicines, or with the administration of the medicines contained in the two special bottles, but was an entirely distinct operation, contracted for and paid for by the husband of the patient independently of the administration of the medicine which he did administer, charged separately, and received his pay separately for it.
The information undertakes to set forth specifically the medicine administered. They proceed at great length to show an entirely different transaction, having no real or apparent connection with the administration of the medicine.
It is not enough to say that both of these transactions were intended to cure the same disease. The state having seen fit to set forth the precise remedy employed, or the means employed, in this matter, they should be confined in their proof to that. And we think it was clearly a departure in attempting to show such a transaction as this transfusion of blood was
In the course of the trial the defendant offered, both upon the cross-examination of the state’s witnesses and by his own, considerable testimony to show that he was a practicing physician of good repute, and allowed by the laws of the state-of Ohio to practice here, and had been for many years — more than ten; that he had made application to the state board of registration to be registered; that 'he had sent to that board or deposited with it the fee prescribed by the statute, 'and had received a receipt for the amount of the fee, but that for some reason unknown to him, but which he alleged and sought to prove were none of the reasons prescribed in the statute, they had refused him a certificate of registration. We think that the court did not err in the exclusion of all that testimony; that the statute *78 itself must be followed; and if defendant is charged with having practiced without a proper certificate, he can not show why the state board refused him one. He cannot show that the board of medical registration, has erred in the performance of its duty, or that, if justice had been done him by them, he would have received from them a certificate. We do not think he could go into that in his defense.
Gr. A. Bassett, and James & Beverstoek, for plaintiff in error.
O. E: Sumner, for defendant in error.
It is urged again.that this statute can not be made to apply to him; that it is retroactive, and to that extent — to the extent that it interferes with his right to practice medicine —it is unconstitutional, We decline to pass upon that question, but will remand the case to the police court for a new trial. We decline to pass upon it for the reason that, as we are informed, a case involving that question has already been argued in the supreme court, which will undoubtedly be decided in a few days; and if the court passes upon it there, the question will be decided; if they do not pass upon it, and if this case should ever come before us again, it will be time enough then to consider and decide that question.
A new trial will be awarded, and the case remanded to the police court.